No. 10,142.

UNION HEALTH AND ACCIDENT CO. *v.* WELCH.

Decided May 1, 1922.

Action on accident insurance policy.    Judgment for plaintiff.

*Reversed.*

1. INSURANCE—*Accident Policy—Limitation.* An accident insurance policy is not a life insurance policy within the meaning of section 44, chapter 99, S. L. 1913, and division 2 of the section has no application to such policies.

2. *Adjudicated Cases.* Judgment reversed on authority of Midland Casualty Co. v. Frame, 67 Colo. 179.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. ISHAM R. HOWZE, for plaintiff in error.

Messrs. LEWIS & GRANT, Mr. ALBERT G. CRAIG, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action by a beneficiary under a contract of insurance in the form of a policy commonly known as an "accident policy." The insured suffered death as the result of a bodily injury sustained through external, violent and accidental means, and plaintiff, his beneficiary, seeks to recover the indemnity provided by the contract for loss of life. There was a judgment for plaintiff, and defendant, the insurer, brings the cause here for review.

The only question that need be determined is the validity of the defendant's first defense, which is the claim that the action is barred by reason of the following facts: The action was brought after more than six months had elapsed since the filing of the proof of death. The policy contains a limitation clause, as follows:

"Legal proceedings for recovery hereunder shall not be brought before three months nor after six months (unless otherwise provided by statute, in which case such action must be brought within the statutory limits) from the date of filing such proof at the Home Office of the Company."

The limitation clause would be void if the contract is, as the trial court held, one of life insurance within the meaning of section 44, chapter 99 of the Session Laws of 1913. That such a contract as the one involved in the instant case is not a life insurance policy within the meaning of the Act of 1913 has been decided by this court in *Midland Casualty Co. v. Frame*, 67 Colo. 179, 185 Pac. 656. That case is decisive of the instant case. For the reasons stated in the opinion in the Frame case, it was error not to render judgment for defendant upon the defense above mentioned.

The judgment is reversed and the cause remanded with directions to dismiss the action.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE DENISON concur.