Burton S. Sherman, J.
The plaintiffs move for summary judgment pursuant to OPLR 3212 to strike the second affirmative defense of .Statute of Limitations in an action for damages allegedly caused by the defendant air line to a shipment of machinery which had been transported from England to New York.
The affirmative defense alleges a two-year Statute of Limitations provided in paragraph (1) of article 29 of the Warsaw Convention Treaty (49 U. S. Stat. 3000), which the parties concede governs this case. There is no dispute that this action I was stárted on November 2,1972 or that the -machinery involved was actually turned over to plaintiffs, at the earliest November 16,1970.
The machinery involved was shipped from London and arrived in New York on October 1.4, 1970 and the plaintiffs probably *309 had knowledge of[1] the alleged damages prior to November 6, 1970.
Paragraph (1) of article 29 of the Warsaw Convention states “ The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped” (emphasis added). Since the disjunctive “or” is used it must follow that the plaintiff can maintain this action if brought within two years of any of three events: (1) actual arrival of the goods at their destination, (2) constructive arrival of the goods at their destination or (3) when the transportation of the goods stopped.
The defendant, overlooking the other measuring events relies exclusively upon the first and argues that the statute started to run when the shipment arrived in New York on October 14, 1970, presumably when the aircraft set down on the runway.[1] However, it is clear that the arrival of the aircraft at its destination refers to personal injury actions. Because as to passengers all the measuring events of paragraph (1) of article 29 are the same. It is only with respect to the carrying of goods that the measuring events, namely ‘ ‘ date of arrival at the destination” and when “the transportation stopped” have a different meaning. .
Paragraph (1) of article 18 of the Convention reads[2] “ The carrier shall be liable for damages sustained in the event of the * * * damage to * * * any goods, if the occurrence which caused the damage so sustained took place during transportation by air. (2) The transportation by air * * * shall comprise the period during which the baggage or goods are in charge of the carrier, whether in an airport or on board an aircraft, or, in case of a landing outside an airport, in any place whatsoever ”. (Emphasis supplied.)
*310 From this it is clear that paragraph (1) of article 29 does not «tart to run until the shipped goods are no longer “ in charge of the carrier” in the airport even though they have previously arrived there under the shipping contract. For ‘ ‘ in charge ’ ’ while hardly words of art must mean in this context actual custody and control. In the instant case the shipping documents show that the alleged damaged machinery was in the actual custody and control of the defendant until, at the earliest November 16, 1970. Thus this action is timely. To offset this, the defendant argues that according to the shipping contract and tariff regulations filed thereunder delivery to the consignee is deemed completed when the goods are turned over to customs. However paragraph (1) of article 29 of the Warsaw Convention is concerned with physical custody and actual delivery, not constructive delivery.
Moreover, the purpose of the tariff regulations involved is not to limit by contract the Statute of Limitations but to provide for storage charges or disposal[3] of unclaimed cargo. They are inapplicable to this case.
In conclusion, the time started to run at the earliest on November 16, 1970 and this action brought on November 2, 1972. It is therefore timely and the motion to dismiss the second affirmation defense is granted.

. While under New York ease law our three-year statute starts to run when the tort is committed rather than when knowledge of damage to the property is acquired by the consignee (Schmidt v. Merchants Despatch Transp. Co., 270 N. Y. 287; Hillel v. Motor Haulage Co., 102 N. Y. S. 2d 578) such is not the case under the Warsaw Convention. From its statutory scheme relinquishment of custody by the carrier which presupposes the acquiring of knowledge by the consignee, is the underlying consideration in determining the running of time.

. Paragraph (2) of article 29 of the Warsaw Convention states that the calculation of the period of limitation shall be determined by local law. Section 97 and subdivisions a and b of section 98 of Statutes (McKinney’s Cons. Laws of N. Y., Book 1) require that an act should be construed as a whole and all its parts be considered to determine intent.

. It should be noted however that there are strict notice provisions under the Warsaw Convention which require compliance by consignees as a condition to the institutation of an action. Failure of such compliance may defeat an action otherwise timely brought. (Warsaw Convention, art. 26, par. (2].)