540 P.2d 1141 (1975)
Ernesto A. HEPP et al., Plaintiffs-Appellants,
v.
UNITED AIRLINES, INC., a Delaware Corporation, and Varig Brazilian Airlines, Defendants-Appellees,
Amick Transfer & Storage Co., a Colorado Corporation, Defendant.
No. 74-399.
Colorado Court of Appeals, Div. II.
August 2, 1975.
*1142 Weller, Friedrich, Hickisch & Hazlitt, Thomas H. Barrows, Denver, for plaintiffs-appellants.
Johnson, Makris & Hunsaker, P.C., William J. Hunsaker, Denver, for defendants-appellees.
Selected for Official Publication.
SMITH, Judge.
An opinion in this case was announced on July 15, 1975. That opinion was withdrawn on August 6, 1975 and the following opinion is now issued in its stead.
This is an action to recover for partial loss, repair costs, and diminution in value of personal property owned by Ernesto and Frances Hepp, the plaintiffs. In October, 1970, plaintiffs made two shipments of household goods from Santiago, Chile, to Denver via Varig Brazilian Airlines and United Airlines, the defendants. United States Bureau of Customs receipts indicate that the shipments arrived in Denver on October 15, 1970, and November 18, 1970, and that they were delivered, pursuant to plaintiffs' instructions, to Amick Transfer & Storage Co. on October 27, 1970, and December 9, 1970. The plaintiffs continued to reside in Chile until April, 1972, when they moved to Denver. On May 18, 1972, they discovered that their goods were damaged.
Relying on the common law duty of bailees and the Interstate Commerce Act, 49 U.S.C. § 20(11), as alternative bases of liability, plaintiffs filed suit on July 27, 1973, alleging that negligence of the defendants was the proximate cause of the damage. The action was tried as to defendant Amick and resulted in a judgment against plaintiffs. Plaintiffs do not appeal that judgment. The action against Varig and United was dismissed upon the grounds that plaintiffs' cause of action was barred by the two-year statute of limitations contained in Art. 29(1) of the Warsaw Convention, 49 Stat. 3000 et seq., 49 U.S.C. § 1502, and by the contract under which the goods were shipped. Plaintiffs agree that it is the Convention, rather than the Interstate Commerce Act, that controls *1143 this action, but they appeal the dismissal. We affirm.
The Warsaw Convention is a treaty, ratified by Congress and is, therefore, the supreme law of the land. It preempts local statutes of limitation. See Husserl v. Swiss Air Transport Co., Ltd., 351 F.Supp. 702 (S.D. N.Y.) and Reid v. Covert, 354 U.S. 1, 77 S.Ct. 1222, 1 L.Ed. 2d 1148.
Article 29(1) specifically prescribes a two-year statute of limitations for actions brought to recover damages under the Convention. This limitation period begins either at the date of arrival at the destination, or at the date on which the aircraft ought to have arrived, or at the date on which the transportation stopped. Art. 29(2), however, provides that the "method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted." Plaintiffs contend that the latter section authorizes the Colorado courts to apply Colorado law in determining whether the statute of limitations in Art. 29(1) is tolled by such matters as the plaintiffs' absence from the United States. We do not find it necessary to decide this issue, since in our opinion the two-year limitation for the bringing of actions contained in the air waybills for the shipments in question is dispositive.
The relevant portion of the air waybill, which is the contract between the parties, reads as follows:
"Any rights to damages against [the defendants] shall be extinguished unless an action is brought within two years after the occurrence of the events giving rise to the claim."
The contract clause at issue is not inconsistent with the purpose of limiting a carrier's liability and does not conflict with the provisions of the Convention. See Art. 33 of the Warsaw Convention.
The purposes of the Convention have been stated to be the protection of air carriers from some of the results of serious accidents by limiting the time within which an action may be brought, and the imposition on the carrier of the burden of disproving negligence when an accident has occurred. MacDonald v. Air Canada, 439 F.2d 1402 (1st Cir.). It is well settled that the Convention does not create any new rights against carriers; rather, it gives rise to the creation of a presumption of liability where the law of the forum state has already authorized the bringing of an action for negligence. Noel v. Linea Aeropostal Venezolana, 247 F.2d 677 (2d Cir.).
Parties to a contract may require that actions founded on the contract be commenced within a shorter period of time than that prescribed by the applicable statute of limitations. Capitol Fixture & Supply Co. v. National Fire Insurance Co., 131 Colo. 64, 279 P.2d 435; Union Health & Accident Co. v. Welch, 71 Colo. 374, 206 P. 790; see Adams v. Colorado & Southern Ry., 49 Colo. 475, 113 P. 1010. In Colorado such a contractual limitation is enforceable, provided that the period in which the action must be brought is reasonable and that the provision has not been waived. Atchison, Co. v. Baldwin, 53 Colo. 416, 128 P. 449; Daly v. Concordia Fire Insurance Co., 16 Colo.App. 349, 65 P. 416.
Here, neither party has asserted that any law other than that of Colorado should govern the contract, and since the two-year limitation is substantially the same as that prescribed by the Warsaw Convention, it must be deemed reasonable. Moreover, the plaintiffs have not adduced any evidence to show that the defendants have waived the contract provision, and the air waybill makes no reference to any circumstance under which the two-year limitation may be extended. When contractual language is plain, its meaning clear, and no absurdity is involved, the agreement must be enforced as written. See Christmas v. Cooley, 158 Colo. 297, 406 P.2d 333.
Statutes tolling periods of limitations, such as § 13-80-116, C.R.S. 1973, *1144 have no application here, since they apply only to limitations which are created by statute. See Wilkinson v. First National Fire Insurance Co., 72 N.Y. 499, 28 Am. Rep. 166.
In the instant case, the plaintiffs admitted that they contracted with Amick Transfer & Storage Co. to transport and store the furniture in question after its arrival in Denver. A bailee may discharge his obligations by delivery of the property concerned to the bailor, someone claiming under him or someone authorized to accept the property on behalf of the bailor. Saddler v. National Bank, 403 I11. 218, 85 N. E.2d 733. Defendants, therefore, fulfilled their obligations under the contract with plaintiffs upon delivery to Amick. Since this delivery (as well as any negligence of the defendants) occurred more than two years prior to the commencement of this action, the suit is barred by the terms of the contract.
In our view, the trial court reached the right result and its judgment is, therefore, affirmed.
ENOCH and KELLY, JJ., concur.