KEITH CHANDLER *et al.*, Plaintiffs-Appellants, *v.* JET AIR FREIGHT, INC.,
Defendant-Appellee.

First District (2nd Division)   No. 76-1304

Opinion filed November 15, 1977.

Samuel D. Freifeld, of Chicago, for appellants.

Clausen, Miller, Gorman, Caffrey & Witous, of Chicago (James T. Ferrini and Thomas H. Ryerson, of counsel), for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from the granting, by the circuit court of Cook County, of a motion for summary judgment in favor of defendant Jet Air Freight, Inc. and against plaintiffs Keith and Muriel Chandler. The granting of defendant's motion was based upon an application of (1) the limitations period concerning damage actions contained in the Warsaw Convention (Convention for the Unification of Certain Rules Relating to International Transportation by Air), 49 Stat. 3000 *et seq.* (T.S. No. 876); 49 U.S.C. §1502 (adherence of United States proclaimed October 29, 1934) and (2) a certified tariff filed with the Civil Aeronautics Board. The summary judgment order further stated that there was no just reason for delaying its enforcement or appeal.

Plaintiffs Keith and Muriel Chandler contracted with defendant Jet Air Freight, Inc., in September of 1970 for the pickup, in Chicago, Illinois, and transport, to Oracabessa, Jamaica, West Indies, of 34 cartons of assorted goods belonging to plaintiffs. Pursuant to the contract defendant obtained the cartons from plaintiffs' residence and billed plaintiffs $632.35 for services rendered and to be rendered. Plaintiffs sent a draft in this amount to defendant but were notified by defendant's Miami branch office that the remittance had not been received and that the cartons were being held at the Miami branch office pending payment. Subsequently, plaintiffs issued another draft in the amount of $632.35 and sent the draft to defendant's Miami branch office. Nevertheless, the cartons did not arrive at their destination in Jamaica.

Plaintiffs thereafter instituted suit to recover their loss but did not commence their action until June of 1974. The basis of the action was the contention that the cartons and contents thereof were either lost, misplaced or disposed of by defendant.

Plaintiffs' action prompted defendant's filing of a motion for summary judgment. Defendant, by this motion, urged that plaintiffs' action was barred by the time limitation provisions of the Warsaw Convention (governing international shipments of personal goods) and by a tariff filed pursuant to the rules of the Civil Aeronautics Board. Plaintiffs filed an answer to defendant's motion, defendant replied and each party submitted memoranda of law to the circuit court. On June 24, 1976, the

circuit court of Cook County granted defendant's motion for summary judgment and on August 6, 1976, denied plaintiffs' petition to vacate the summary judgment order. It is from these orders that plaintiffs appeal.

■■ Section 57 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57) provides summary judgment should be granted when "* * * the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." Summary judgment provides a means of disposing of cases with dispatch, but it is a drastic method and should only be allowed when the right of the party to invoke that drastic method is free from doubt. Summary judgment must not be used to preempt the right to a trial by jury or the right to fully present the factual basis for a case where a material dispute may exist. In reviewing the trial court's granting of summary judgment, we must consider all grounds urged and facts revealed in that court to determine if a genuine issue as to a material fact remained to be determined by a jury and whether defendant was entitled to summary judgment as a matter of law. *Welch v. Chicago Tribune Co.* (1975), 34 Ill. App. 3d 1046, 340 N.E.2d 539.

■■ Plaintiffs contend that the trial court erred in failing to grant their petition to vacate the summary judgment order. We are limited in our review of the trial court's denial of plaintiffs' petition. The trial court's decision will not be reversed absent a showing of an abuse of discretion. The test to determine whether there was an abuse of discretion in a refusal to vacate a judgment is whether the refusal violates plaintiffs' right to fundamental justice and manifests an improper application of discretion. (*Anderson v. Anderson* (1975), 28 Ill. App. 3d 1029, 329 N.E.2d 523.) Therefore, we must, in our appellate review, determine whether the trial court's application of the Warsaw Convention and tariff filed pursuant to the rules of the Civil Aeronautics Board constituted a deprivation of fundamental justice and an improper use of discretion.

The Warsaw Convention applies to all international transportation of persons, baggage, or goods performed by aircraft for hire. (Article I (1).) International transportation, for purposes of the Convention, is defined, *inter alia*, as any transportation in which, according to the contract made by the parties, the place of departure and the place of destination are situated within the territories of two High Contracting Parties. (Article I (2); see Lowenfeld and Mendelsohn, *The United States And The Warsaw Convention*, 80 Harv. L. Rev. 497, 500-501 (1967).) The United States and Jamaica are both signatories of the Warsaw Convention and, thus, would be "High Contracting Parties." Treaties in Force 268-269 (January 1, 1977).

■■■ Plaintiffs, nevertheless, contend that the Warsaw Convention is

inapplicable to the instant case due to an absence of the requisite "international transportation." Plaintiffs argue that defendant merely shipped the cartons to Miami, Florida, pending payment by plaintiffs, thereby failing to inject the cartons into transit to another "High Contracting Party." This argument is without merit. When the contract of the parties provides for transportation between certain designated Convention signatories, the provisions of the Convention apply and exclusively govern the rights and liabilities of the parties. (*Butz v. British Airways* (E.D. Pa. 1976), 421 F.Supp. 127.) Therefore, the "international" character of the transportation of goods, and, thus, the applicability of the Convention is to be determined from the terms of the contract, not from the situs of the goods at any given time once that transportation has commenced. In the instant case the agreement between plaintiffs and defendant designated the United States as the point of departure and Jamaica as the point of destination. This agreement clearly contemplated the "international transportation" of goods between two signatories of the Convention and, consequently, is exclusively governed by the Convention.

■■ With respect to defendant's argument that plaintiffs' action is barred by the limitations period contained in the Convention, our analysis is guided by article 29(1) and (2). Article 29 provides:

"(1) The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.

(2) The method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted."

The application of the two-year limitations period to the instant case illustrates the correctness of the circuit court's finding that plaintiffs' action was not commenced in a timely fashion. The contract was entered into in September of 1970 and the cartons were collected by defendant for transportation shortly thereafter. Plaintiffs were notified by defendant on September 23, 1970, that the cartons were being held in Miami, Florida. The cartons were never delivered to Jamaica; thus, plaintiffs assume that the cartons were either lost, misplaced or disposed of by defendant in Miami. Consequently, plaintiffs were aware, in 1970, that the transportation stopped and that defendant's aircraft did not arrive in Jamaica on some date contemplated by plaintiffs. Thus, plaintiffs' cause of action accrued no later than at some date shortly after September, 1970 yet plaintiffs refrained from commencing any action until June of 1974. Plaintiffs' delay in commencing the action against defendant cannot

escape the impact of the limitations period contained in the Convention. Plaintiffs did not file their action in a timely fashion and the circuit court correctly held the action barred.

Defendant has filed, with the Civil Aeronautics Board, International Airfreight Rates Tariff No. 3 which includes a "claim procedure." This "claim procedure" provides, in relevant part, that:

> "(a) All claims, * * *, must be made in writing to the Forwarder within 120 days after date of acceptance of the shipment by the Forwarder."

There is no evidence that plaintiffs complied with the "claim procedure." In fact, the affidavit of Frank Sweeny, branch manager for defendant at defendant's Rosemont, Illinois office, states that after a diligent search of defendant's files no documentation reflecting notice of plaintiffs' claim had been discovered.

■■ Once defendant filed its tariff, the tariff became an integral part of the contract of carriage. (*Randall v. Frontier Airlines, Inc.* (W.D. Ark. 1975), 397 F. Supp. 840.) Plaintiffs have not argued the invalidity of the tariff. The established rule is that valid tariffs constitute the contract of carriage between the parties and conclusively and exclusively govern the rights and liabilities between the parties. (*Blair v. Delta Air Lines, Inc.* (S.D. Fla. 1972), 344 F. Supp. 360.) Consequently, plaintiffs are bound by International Airfreight Rates Tariff No. 3 and its "claim procedure." Plaintiffs failed to comply with the "claim procedure" time limitation thus plaintiffs' action should be barred, irrespective of the limitations period contained in the Warsaw Convention.

The foregoing analysis of the facts of the instant case coupled with the applicable principles of law demonstrates that summary judgment was properly entered in favor of defendant Jet Air Freight, Inc. The trial court did not abuse its discretion by failing to vacate the summary judgment. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DOWNING, P. J., and PUSATERI, J., concur.