RUSH, APPELLANT, *v.* U.S. AIR, INC. APPELLEE.

(No. 8671—Decided July 26, 1984.)

*Kenneth G. Rush,* for appellant.
*Brian D. Weaver,* for appellee.

WEBER, J. This case involves an action by plaintiff-appellant, Mary J. Rush, for damage or loss to baggage against the original carrier, U. S. Air, Inc., arising from a round-trip flight beginning in Dayton, Ohio and ending in Paris, France. The lower court granted partial summary judgment in favor of U. S. Air on the basis that, under the Warsaw Convention (49 U.S. Stat. 3000 *et seq.*), the applicable statute of limitations had run. Appellant does not appeal the portion of the summary judgment granted in her favor, but appeals the

portion of the judgment granted in favor of U. S. Air.

Appellant presents two assignments of error, both of which allege that the trial court erroneously granted summary judgment, in favor of U. S. Air, on the basis that the statute of limitations for appellant's action had run. As such, the assignments will be addressed together.

Appellant departed Dayton, Ohio on July 26, 1979, pursuant to round-trip passage purchased from U. S. Air to Paris with various stopover points in the United States. She checked two pieces of luggage with the airline, one containing certain jewelry. When appellant arrived in Paris, her bags were not delivered to her. However, a few days later on July 28 or 29, the airline did deliver one bag to her, the bag which had contained the jewelry. The jewelry was not in the bag. The other bag was never delivered, but was later retrieved upon appellant's arrival back in Dayton on August 13, 1979.

Appellant brought this action on August 3, 1981, to recover for her loss. This action is governed by the Warsaw Convention. There are two applicable sections of the treaty which control the factors of this case. Article 18 (49 U.S. Stat. 3000, 3019), in pertinent part, states:

"(1) The carrier shall be liable for damage sustained in the event of the destruction or loss of, or of damage to, any checked baggage or any goods, if the occurrence which caused the damage so sustained took place during the transportation by air.

"(2) The transportation by air within the meaning of the preceding paragraph shall comprise the period during which the baggage or goods are in charge of the carrier, whether in an airport or on board an aircraft, or, in the case of a landing outside an airport, in any place whatsoever."

Article 29 (49 U.S. Stat. 3000, 3021) provides the statute of limitations:

"(1) The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.

"(2) The method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted."

Appellant contends that her action was timely filed within the two-year period because the cause of action began to accrue when she arrived at her return destination of Dayton, Ohio, on August 13, 1979. Appellee contends that the cause of action began to accrue on July 28 or 29, 1979, when appellant's bag, which should have contained the jewelry, arrived in Paris and was delivered to her. The trial court agreed with appellee's contention and held that the statute had run with regard to the bag containing the jewelry. For the reasons stated below, this court also holds that the two-year statute of limitations had run when appellant filed her action on August 3, 1981.

Article 29 of the Warsaw Convention provides that the statute of limitations begins to run from (1) the date of arrival at the destination, (2) the date on which the aircraft ought to have arrived, or (3) the date on which the transportation stopped. As appellant does not claim that the aircraft arrived at a different date than it ought to have arrived, or that transportation stopped, items (2) and (3) are inapplicable to the case at hand. The time then must be calculated from the date of arrival at the destination.

Appellant claims the time should be calculated from the date of *her* arrival at *her* ultimate destination (Dayton). However, the language of Article 29 does not indicate that the passenger's destination is meant. When "destination" is read in conjunction with Article 18, it is clear that the time at which the

statute of limitations begins to run is at the time when the *baggage* arrives at *its* destination. Article 18 states that the carrier will be liable for damage to baggage only when it is "in charge of" the carrier. In this case, the bag which had contained the jewelry was returned to the appellant on either July 28 or 29, 1979. At that time, it was no longer "in charge of" the carrier. Appellant knew damage had allegedly occurred. The jewelry was discovered missing at that time.

Cases cited by appellant in support of her argument indicate that when a passenger purchases a round-trip ticket, for the purposes of *jurisdictional* questions, that person's destination has been held to be the same point of departure and return. However, where there is a claim for loss to baggage, the provisions of the Warsaw Convention, taken together, indicate that the term "destination" must refer to the destination of the baggage, not the person. Baggage can have a different "destination" than the owner of the goods. Each time the baggage is delivered to the custody of the owner, it has reached its particular destination and is no longer in the custody of the carrier. Article 18, read together with Article 29, indicates that the "destination" for baggage may be different than the destination of a passenger-owner of the baggage for the purposes of computation of the statute of limitations under the Warsaw Convention.

This court therefore agrees with the trial court's conclusion that the trip to Paris was a separate trip for the baggage, and that once the bag which held the jewelry was released from the custody of the carrier and delivered to appellant on July 28 or 29, 1979, the baggage had reached its destination, and the statute of limitations for an action to recover for any damage or loss to the baggage began to run. This court agrees with the reasoning in *Alltransport, Inc.* v. *Seaboard World Airlines*

(1973), 76 Misc. 2d 308, 349 N.Y.Supp. 2d 277.

Determination that the statute of limitations had expired under the Warsaw Convention for appellant's action was a matter of law. See *O'Stricker* v. *Jim Walter Corp.* (1983), 4 Ohio St. 3d 84 (determination of statute of limitations is a matter for the judiciary). U.S. Air moved for a summary judgment alleging that the statute had run. U.S. Air could sustain its burden of proof for that motion if the following criteria were met: (1) no genuine issue of material fact remained, (2) it was entitled to judgment in its favor as a matter of law, and (3) that reasonable minds could come to but one conclusion, and that conclusion was adverse to appellant, who was entitled to have the evidence construed most strongly in her favor. *Harless* v. *Willis Day Warehousing Co., Inc.* (1978), 54 Ohio St. 2d 64, 66 [8 O.O.3d 73].

Appellant's own pleadings and answers to interrogatories and requests for admissions provided ample evidence for the trial court to make the summary judgment motion determination. Appellant stated that two bags, one containing jewelry, were given to the carrier on July 26, 1979. Their destination was Pittsburgh, then New York, then Paris. One bag reached Paris a day or so late on July 28 or 29, 1979, and was given to its owner, appellant. It was the bag that had contained the jewelry. The jewelry was allegedly missing then. Appellant filed her action on August 3, 1981. The Warsaw Convention provides for a two-year statute of limitations. Article 18 states that the carrier will not be responsible for loss to baggage or goods unless the items are in the custody of the airline after it was delivered to appellant in Paris, the destination of that baggage. Therefore, under the Warsaw Convention, the two-year statute of limitations for appellant's cause of action for loss to baggage began on July 28 or 29, 1979. Her action, filed on August 3, 1981, was therefore not timely.

Hence, it was not error under the applicable standards for determination of a motion for summary judgment for the trial court to grant appellee's motion. See Civ. R. 56; *Harless* v. *Willis Day Warehousing Co., Inc., supra.*

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KERNS and WILSON, JJ., concur.