G. N. SRIVASTAVA, Plaintiff-Appellant, v. ALIA, THE ROYAL JORDANIAN AIRLINE, Defendant-Appellee.

First District (5th Division)   No. 84—1225

Opinion filed January 4, 1985.—Rehearing denied February 21, 1985.

Radhika P. Srivastava, of Chicago, for appellant.

Peterson, Ross, Schloerb & Seidel, of Chicago (J. Robert Geiman and David J. Novotny, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, G. N. Srivastava, appeals from the trial court's order dismissing his complaint against defendant, Alia, The Royal Jordanian Airline, for loss of a Sanyo video cassette recorder. Plaintiff contends that the trial court erred in holding that his action was barred by article 29(1) of the Warsaw Convention.

On October 10, 1981, plaintiff delivered to defendant six pieces

of baggage to be transported from Muscat, Sultanate of Oman, to Chicago, under air waybill No. 512—07700840. On November 18, 1981, plaintiff received in Chicago only five pieces of baggage. Defendant did not deliver one piece of baggage containing a Sanyo video cassette recorder. According to an affidavit filed by plaintiff, defendant advised him that the recorder had been loaded at Muscat, Oman, for Amman, Jordan, but was not loaded at Amman for the flight to the United States. Alia promised to investigate, trace and deliver the video cassette recorder but never responded to plaintiff's subsequent written inquiries or his claim for damages.

Plaintiff filed his complaint against defendant on January 18, 1984. On April 24, 1984, the trial court granted defendant's motion to dismiss plaintiff's complaint with prejudice on the ground that the complaint was not filed within two years of the date of the arrival of the subject flight at Chicago as required by article 29(1) of the Warsaw Convention.

The parties agree that the Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 29, 1934 (49 Stat. 3000 *et seq.*, T.S. No. 876, 137 L.N.T.S. 11, 49 U.S.C. sec. 1502 (1982)), commonly known as the Warsaw Convention, controls the disposition of this appeal.

Article 29(1) of the Convention provides:

"The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped."

Plaintiff's complaint alleged that when the Alia flight carrying his baggage arrived in Chicago on November 10, 1981 (according to the shipping documents, the correct date is November 18, 1981), plaintiff received only five of the six pieces of baggage he had shipped from Muscat to Chicago. Alia did not deliver to plaintiff one piece of baggage containing a Sanyo video cassette recorder. Relying on article 26(4) of the Warsaw Convention and clause 12(a)(iv) of the air waybill contract, plaintiff contends that his action against Alia did not accrue until February 8, 1982, 120 days after the date of issuance of the air waybill on October 10, 1981.

■ Article 26 of the Warsaw Convention requires the person entitled to the delivery of baggage or goods to make a timely written complaint to the carrier of damage or delay, otherwise "no action shall lie against the carrier, save in the case of fraud on his part." (Art. 26(4).) Article 26, however, does not apply to claims against a carrier for *lost* baggage or goods. (*Denby v. Seaboard World Air-*

*lines, Inc.* (2d Cir. 1984), 737 F.2d 172, 176-82; *Hughes-Gibb & Co. v. Flying Tiger Line, Inc.* (N.D. Ill. 1981), 504 F. Supp. 1239, 1242.) Regarding lost goods, article 13(3) indicates that notice to the carrier need not be given.[1]

■ Moreover, even if the notice requirements of article 26 did apply to claims for lost baggage or goods, it has been held that "article 26 notice serves no purpose in relation to article 29's prescriptive period of two years which is automatically triggered by specified events." (*Dalton v. Delta Airlines, Inc.* (5th Cir. 1978), 570 F.2d 1244, 1247 n.8.) "This limitation period begins either at the date of arrival at the destination, or at the date on which the aircraft ought to have arrived, or at the date on which the transportation stopped." (*Hepp v. United Airlines, Inc.* (1975), 36 Colo. App. 350, 352, 540 P.2d 1141, 1143.) Thus, in the present case, the two-year period would have expired on November 18, 1983, two years after the Alia flight arrived at its destination in Chicago.

■ Plaintiff, however, also refers us to clause 12(a)(iv) of the air waybill contract he entered into with Alia on October 10, 1981. That clause provides that in the case of nondelivery of the goods, the person entitled to delivery must make a complaint to the carrier in writing within 120 days from the date of the issuance of the air waybill. (Article 33 of the Warsaw Convention authorizes such contractual provisions.) Plaintiff did make a timely written complaint but argues, without citation of applicable authority, that the two-year limitation period in article 29(1) of the Warsaw Convention does not begin to run until the 120-day period within which a shipper must submit his complaint to the carrier for lost goods has expired.

Our research, however, indicates that the notice requirement does not delay the running of the two-year limitation period of article 29(1). (See *Chandler v. Jet Air Freight, Inc.* (1977), 54 Ill. App. 3d 1005, 1008-09, 370 N.E.2d 95; *Sanchez v. Beacon Shipping Co.* (1980), 79 App. Div. 2d 591, 434 N.Y.S.2d 236.) Moreover, we note that clause 12(c) of the air waybill contract itself provides that "any rights to damages against carrier shall be extinguished unless an action is brought within two years from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped." The

---

[1]Article 13(3) provides: "If the carrier admits the loss of the goods, or if the goods have not arrived at the expiration of seven days after the date on which they ought to have arrived, the consignee shall be entitled to put into force against the carrier the rights which flow from the contract of transportation."

air waybill "makes no reference to any circumstances under which the two-year limitation may be extended" and where "contractual language is plain, its meaning clear, and no absurdity is involved, the agreement must be enforced as written." *Hepp v. United Airlines, Inc.* (1975), 36 Colo. App. 350, 354, 540 P.2d 1141, 1143.

■ Article 29(2) of the Warsaw Convention states that "[t]he method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted." Plaintiff argues that this provision of the Convention authorizes the forum court to hold that his cause of action did not accrue until the 120-day period specified in clause 12(a)(iv) of the air waybill had elapsed. We disagree. Based on a thorough analysis of the drafters' intent, the New York Supreme Court, Appellate Division, has concluded:

> "[I]t is abundantly clear that the delegates to the Warsaw Convention expressly desired to remove those actions governed by the convention from the uncertainty which would attach were they to be subjected to the various tolling provisions of the laws of the member states, and that the two-year time limitation specified in article 29 was intended to be absolute—barring any action which had not been commenced within the two-year period. Moreover, it is equally clear from the delegates' discussion that the only matter to be referred to the forum court by paragraph 2 of the present article 29 was the determination of whether the plaintiff had taken the necessary measures within the two-year period to invoke that particular court's jurisdiction over the action." *Kahn v. Trans World Airlines, Inc.* (1981), 82 App. Div. 2d 696, 709, 443 N.Y.S.2d 79, 87. Accord, *Bapes v. Trans World Airlines, Inc.* (N.D. Ill. 1962), 209 F. Supp. 380.

■ Plaintiff next contends that defendant was estopped from claiming that the cause of action accrued on November 18, 1981, because of its promise to investigate, trace and deliver the lost baggage. Defendant, according to plaintiff, never advised him regarding the disposition of his video recorder or of his claim for damages. Essentially, plaintiff advances a theory of equitable estoppel to avoid the consequences of not filing his action within two years of November 18, 1981.

Plaintiff's theory, however, fails to recognize that "the two-year time limitation specified in article 29 was intended to be absolute—barring any action which had not been commenced within the two-year period." (*Kahn v. Trans World Airlines, Inc.* (1981), 82 App. Div. 2d 696, 709, 443 N.Y.S.2d 79, 87.) In *Kahn*, the court held that

"it is readily apparent that the time limitation incorporated in article 29 was intended to be in the nature of a condition precedent to suit, and that it was never intended to be extended or tolled by infancy or other incapacity." (82 App. Div. 2d 696, 709, 443 N.Y.S.2d 79, 87.) Similarly, in *Bianchi v. United Airlines* (1978), 22 Wash. App. 81, 587 P.2d 632, the Washington Court of Appeals held that the common law theory of material deviation could not be invoked to avoid the tariff liability limitations of the Warsaw Convention. In *Bianchi*, the plaintiff argued that "the failure of United [Airlines] to deliver goods in accordance with the express assurances of its employees constitute[d] such a substantial deviation from the bargained-for consideration underlying the contract as to entitle the shipper [plaintiff] to treat the contract as abrogated" and to sue for damages resulting from United's failure to deliver a sealed envelope on time. (22 Wash. App. 81, 85, 587 P.2d 632, 634.) The court of appeals rejected this argument, stating:

> "We find the trial court erred in inferring a common law theory could control in a situation within the aegis of the Warsaw Convention. The material deviation cases *** [do] not involve international air transport or the Warsaw Convention; thus, they fail to support application of that theory in the instant fact pattern. To the contrary, case law makes clear that the Warsaw Convention, being a sovereign treaty, is the supreme law of the land and as such preempts local law when applicable. [Citations.]" (22 Wash. App. 81, 85, 587 P.2d 632, 634.)

We conclude, therefore, that defendant's theory of equitable estoppel is not cognizable in an action governed by the provisions of the Warsaw Convention.

Even if we were inclined to hold otherwise, the facts in the present case fall far short of establishing such an estoppel.

> "[A] defendant is not estopped to raise a limitations point because of any alleged 'lulling' of the plaintiff into inaction until after the limitation period where the 'lulling' period, if there was any, expired months before the statute barred the action and where there was ample time and opportunity for the plaintiff to avail [himself] of any legal rights he has ***."
> (*Reat v. Illinois Central R.R. Co.* (1964), 47 Ill. App. 2d 267, 274-75, 197 N.E.2d 860; see also *Sabath v. Mansfield* (1978), 60 Ill. App. 3d 1008, 1014, 377 N.E.2d 161.)

The record shows that on April 27, 1982, which was almost 19 months before the two-year extinguishment period of article 29(1)

expired, plaintiff's attorney sent a letter to defendant demanding that defendant satisfy plaintiff's claim for damages or face "further legal action." Plaintiff does not point to any conduct on defendant's part after April 27, 1982, which would excuse his failure to file his complaint within the two-year period. It is apparent from a review of this letter that plaintiff, who had secured legal counsel, was not "lulled" into inaction until after the extinguishment period elapsed.

■ Finally, plaintiff contends that since the video recorder never reached its destination in Chicago, its "transportation never stopped within the meaning of article 29(1)" of the Warsaw Convention. In support of this contention, plaintiff cites *Alltransport, Inc. v. Seaboard World Airlines* (Civ. Ct. N.Y. 1973), 76 Misc. 2d 308, 349 N.Y.S.2d 277. In that case, the aircraft arrived at its destination on October 14, 1970, but the shipped goods remained in the actual custody and control of the defendant carrier at the destination airport until November 16, 1970. Plaintiff consignee brought an action against the carrier for damage to the goods (not loss of the goods). In determining when the two-year extinguishment period of article 29(1) of the Warsaw Convention commenced, the court cited article 18 of the Convention, which provides in pertinent part:

> "(1) The carrier shall be liable for damage sustained in the event of the destruction or loss of, or damage to, any checked baggage or any goods, if the occurrence which caused the damage so sustained took place during the transportation by air.
>
> (2) The transportation by air within the meaning of the preceding paragraph shall comprise the period during which the baggage or goods are in charge of the carrier, whether in an airport or on board an aircraft, or, in the case of a landing outside an airport, in any place whatsoever."

Applying these provisions to the facts in the case before it, the trial court in *Alltransport* reasonably concluded that the transportation of the damaged goods did not stop until the defendant carrier relinquished control of them on November 16, 1970. Thus, the two-year period prescribed by article 29(1) was held to run from that date, rather than from the date the aircraft actually arrived.

In our judgment, the facts in *Alltransport* are readily distinguishable from those in the instant case. *Alltransport* concerned *damaged* goods which were ultimately delivered, not *lost* goods which were never delivered. The court's analysis as to when the carrier relinquished custody and control of the damaged goods simply does not apply here. Moreover, under plaintiff's theory, the extin-

guishment period would never begin to run with respect to claims for lost or missing goods. We agree with the trial court that when the Alia flight arrived in Chicago, transportation stopped.

*Chandler v. Jet Air Freight, Inc.* (1977), 54 Ill. App. 3d 1005, 370 N.E.2d 95, presents facts similar to those in the case at bar. In *Chandler*, plaintiffs arranged to ship 34 cartons of assorted goods from Chicago to Oracabessa, Jamaica, West Indies. On September 23, 1970, defendant notified plaintiffs that the cartons were being held in Miami, Florida, pending receipt of the shipping charges. Although plaintiffs paid those charges, the cartons were never delivered to Jamaica. Plaintiffs assumed that the cartons were either lost, misplaced or disposed of by defendant in Miami. Plaintiffs were thus aware, in 1970, that the transportation stopped and that defendant's aircraft did not arrive in Jamaica on some date contemplated by plaintiffs. We held that the plaintiff's cause of action accrued no later than at some date shortly after September 1970. 54 Ill. App. 3d 1005, 1008.

Based upon the documents filed in the case at bar, plaintiff knew before December 5, 1981, that his video cassette recorder had not been loaded at Amman, Jordan, for the flight to the United States. As in *Chandler*, plaintiff was aware, in December 1981, that the transportation had stopped, but did not file his complaint against Alia until January 1984, more than two years later. Plaintiff's action was thus time barred. We conclude, therefore, that the trial court did not err when it granted defendant's motion to dismiss plaintiff's complaint. Accordingly, the order of the circuit court of Cook County dismissing plaintiff's complaint with prejudice is affirmed.

Affirmed.

MEJDA, P.J., and SULLIVAN, J., concur.