Kassoff, P. J.
(dissenting). In my opinion, summary judgment was properly granted to American Airlines, although not for the reasons stated by the court below. The majority has concluded that there are issues of fact as to whether the two-year Statute of Limitations under the Warsaw Convention applies, or whether the three-year Statute of Limitations applies if defendant’s status changed from carrier to warehouseman when it attempted to deliver the goods on June 21, 1993.1 cannot agree. As discussed herewith, Belgian’s claim is time barred by a two-year limitation period irrespective of whether there was a constructive delivery by American on June 21, 1993 or not.
Assuming there was no constructive delivery by American on June 21, 1993, when it attempted to deliver the produce to Brennan and that American continued to be “in charge” of the goods within the meaning of article 18 of the Warsaw Convention then “transportation by air” was not terminated by American’s attempted delivery, inasmuch as the goods remained in American’s charge, while still within the physical confines of the airport grounds (cf, Victoria Sales Corp. v *210 Emery Air Frgt., 917 F2d 705). In this case, then clearly the Warsaw Convention would govern Belgian’s claim. Belgian served the summons and complaint on or about August 12, 1995, approximately two years and two months after the produce arrived at JFK on or about June 21, 1993. Accordingly, its claim would be time barred by the two-year limitation period under the Warsaw Convention irrespective of whether the damages were sustained before or after American’s attempted tender of the goods.
Assuming on the other hand, as Belgian urges, that there was constructive delivery by American on June 21, 1993, and that American was no longer in “charge” of the goods, thus terminating “air transportation” under article 18 of the Warsaw Convention (contra, Alltransport v Seaboard World Airlines, 76 Misc 2d 308 [“in charge” means actual custody and control]; Magnus Elecs. v Royal Bank, 611 F Supp 436, 440 [the period of “transportation by air” does not end with “constructive delivery”]) and further assuming that the damage to the produce occurred after such tender, which Belgian must also concede it either wrongfully rejected or failed to accept within a reasonable time in order to rely on its “constructive delivery” theory (see, 17 NY Jur 2d, Carriers, § 226), Belgian’s claim would nonetheless be time barred by the two-year Statute of Limitations expressly provided for in the air waybill. (Section II.) International Conditions of Contract 12 (c) provides that “any rights to damages against Carrier shall be extinguished unless an action is brought within two years from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped”. It is well settled that the parties to a contract may provide for a shorter limitation period than the statutory limitation period, provided the agreed limitation is reasonable and the agreement does not conflict with public policy (see, CPLR 201; 75 NY Jur 2d, Limitations and Laches, § 9). The air waybill evinces the contract of carriage between the parties, and where the Warsaw Convention does not apply, the terms and conditions of the waybill govern the rights of the parties.
Akonin and Chetta, JJ., concur; Kassoff, P. J., dissents in a separate memorandum.