**WILDRIDGE VENTURE, a California Partnership, Plaintiff–Appellant,**

v.

**RANCO ROOFING, INC., Defendant–Appellee.**

No. 97CA0350.

Colorado Court of Appeals, Div. IV.

May 28, 1998.

Rehearing Denied June 25, 1998.

Certiorari Denied Feb. 16, 1999.

Edwards and Sabo, L.L.P., John W. Sabo, III, Colorado Springs, Colorado, for Plaintiff–Appellant

Long and Jaudon, P.C., David H. Yun, Denver, Colorado, for Defendant–Appellee

Opinion by Judge NEY.

Plaintiff, Wildridge Venture (Wildridge), a California Partnership, appeals the summary judgment entered in favor of Ranco Roofing, Inc. (Ranco). We reverse and remand for further proceedings.

In November or December of 1993, Ranco completed the installation of roofs on 41 buildings in the Wildridge apartment complex pursuant to a contract. In April 1994, six of the roofs began to leak. In May 1994 two additional building roofs began to leak. After subsequent leaks, Wildridge inspected a sample of the roofs that had been installed by Ranco, concluded that they had been defectively installed, and sued under the contract.

Acting pursuant to a motion premised on the applicable statute of limitations, the court granted summary judgment for Ranco and dismissed the case.

### I.

Wildridge argues that summary judgment was improper because genuine issues of material fact remained on the issue of when the cause of action accrued. We agree.

The parties agree that the two-year statute of limitations established in § 13–80–104, C.R.S.1997, governs. This section states:

[A] claim for relief arises under this section at the time the claimant or the claimant's predecessor in interest discovers or in the exercise of reasonable diligence should have discovered the physical man-

ifestations of a defect in the improvement which ultimately causes the injury.

Ranco's motion for summary judgment alleged that the cause of action had accrued by May of 1994, when Wildridge knew that eight of the roofs were leaking. Since the complaint was not filed until August 1996, Ranco argued that the action was barred by the two-year statute of limitations.

Wildridge responded with the allegation that the defects that caused the May and June leaks were different from those that caused the damages underlying the suit.

In support of this factual proposition, Wildridge cited to the report of its expert stating: "[T]he lack of counterflashing and proper flashing methods ... will result in future leaks that would not be expected in a properly installed roof system." The report also stated that: "[W]hile many of the roofs have failed and do leak, this leakage has not entered the apartments or manifest[ed] itself in a manner that can be determined without moisture detection techniques and sampling of the roofing system."

Wildridge also notes that Ranco attempted to repair the original eight leaks, and that the record is silent as to whether these repairs were successful.

Based on these facts, Wildridge argues that there is a genuine issue as to whether the April and May 1994 leaks were caused by the same defects that were later discovered by their expert. In essence, Wildridge argues that if the leaks were not caused by the same defects, they could not provide notice of that problem.

Under § 13–80–104(1)(b), C.R.S.1997, a cause of action does not accrue until the injured party discovers or should have discovered "the physical manifestations of a defect in the improvement which ultimately causes the injury."

Here, although the leaks may have been the physical manifestations of *some* defect, there is a genuine factual dispute as to whether the leaks that were known to plaintiff in May 1994 resulted from the same defects that formed the basis of this suit.

We also note that, although it is not clear from the order, the trial court may have relied on an implicit finding that notice as to one defect that manifested itself in leaks should have triggered an investigation that would have led to the discovery of other defects. The issue of whether Wildridge should, in the exercise of reasonable diligence, have discovered a defect, however, is generally a question of fact. *See McKinley v. Willow Construction Co.*, 693 P.2d 1023 (Colo.App.1984).

Here, the issue of whether knowledge of leaks in the eight buildings should have prompted Wildridge to investigate possible defects in the remaining thirty-three buildings is one of fact. *See Board of Trustees v. Caudill Rowlett Scott, Inc.*, 461 So.2d 239 (Fla.App.1984)(reversing summary judgment on basis that issue of whether knowledge of some leaks in pipe system put plaintiff on notice of a structural defect affecting the entire project was one for trier of fact). Thus, summary judgment was inappropriate in this case.

## II.

■ Ranco contends that, regardless of the statute of limitations, it was entitled to summary judgment on the grounds that the contract established that no suit under the contract could be commenced beyond two years after the project was completed. We reject this argument.

The contract relating to the roofing project contained the following clause:

[Ranco's] liability is limited to the roof resulting from workmanship or materials application for a period of two years from the date of completion; expressly excluding consequential damages to the building or contents and subject to the conditions and limitations set forth in this warranty. There are no other guarantees or warranties expressed or implied.

Ranco contends that this language required that any action for breach be *commenced* within two years from the date of completion. The plain meaning of this clause, however, indicates that Ranco is liable for problems that occur within two years of

completion. The contract is silent on the issue of the period in which Wildridge may commence the action. *Hepp v. United Airlines, Inc.*, 36 Colo.App. 350, 540 P.2d 1141 (1975)(contract stated rights under it extinguished "unless an action is brought within two years" after the triggering event). *Cf. Daly v. Concordia Fire Insurance Co.*, 16 Colo.App. 349, 65 P. 416 (1901)(contract stated that no suit was sustainable under it unless "commenced within six months next" after the triggering incident). Thus, the statutorily created limitations period applied.

The judgment is reversed, and the cause is remanded for further proceedings.

RULAND and VOGT, JJ., concur.