OPINION OF THE COURT
Felice K. Shea, J.
The question presented by defendants’ motion to dismiss is whether a summons with notice, served without a complaint, is sufficient to give this court personal jurisdiction over foreign airlines engaged in international transportation. The answer requires a reconciliation of the provisions of State law, Federal law and an international treaty.
Plaintiff is suing for the value of 113 cartons of footware shipped C.O.D. from New York to Kingston, Jamaica, via defendants British Airways and Air Jamaica, Ltd. Plaintiff alleges that the merchandise was lost, stolen or converted *7 by agents of defendant British Airways and that the goods were insured against all risk by defendant Air Jamaica, Ltd. The goods arrived in Jamaica on April 7, 1981 but never reached their consignee. On April 6, 1983, plaintiff served each defendant a summons with notice pursuant to CPLR 304 and 305 (subd [b]).[1] The complaint was served on December 29, 1983. Defendants now move pursuant to CPLR 3211 (subd [a], pars 5, 8) for an order dismissing the complaint upon the grounds that the court lacks personal jurisdiction and that the action was not timely commenced.
Although plaintiff claims that the six-year Statute of Limitations of CPLR 213 governs this lawsuit, it is clear that plaintiff is mistaken and that the action is subject to the two-year limitations provision of article 29 of the Warsaw Convention (Convention). The Convention for Unification of Certain Rules Relating to International Transportation by Air, commonly known as the Warsaw Convention, is a treaty of the United States and “is the supreme law of the land (U. S. Const., art. VI, cl. 2) of which New York courts are required to take judicial notice (CPLR 4511, subd. [a]).” (Rosman v Trans World Airlines, 34 NY2d 385, 392.) The Convention (49 US Stat 3000 et seq.), provides in subdivision (1) of article 1: “This convention shall apply to all international transportation of persons, baggage, or goods performed by aircraft for hire.” Subdivision (2) of article 1 states: “For the purposes of this convention the expression ‘international transportation’ shall mean any transportation in which * * * the place of departure and the place of destination * * * are situated * * * within the territories of two High Contracting Parties”. Since the merchandise which is the subject of this action was transported from New York to Jamaica and the United States and Jamaica are both High Contracting Parties to the Warsaw Convention, the transportation of goods undertaken by defendant airlines must be considered “international” as defined by subdivision (2) of article 1 of the Convention.
*8 The applicable limitations provision of the Warsaw Convention provides in pertinent part (art 29, subd [1]): “[t]he right to damages shall be extinguished if an action is not brought within two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.” The date of arrival of the merchandise and the date on which the transportation stopped was April 7,1981. Thus, plaintiff will have lost its right to sue for damages unless this action was brought before April 7, 1983. The issue, then, is whether service of a summons with notice on April 6, 1983, without an accompanying complaint, properly commenced the action.
Defendants argue that the Foreign Sovereign Immunities Act of 1976 (US Code, tit 28, §§ 1602-1611) determines how an action must be commenced for purposes of obtaining jurisdiction over them in this lawsuit. Section 1608 (subd [b], par [2]) of title 28 of the United States Code provides:
“(b) Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state * * *
“(2) * * * by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States” (emphasis supplied).
Section 1603 (subd [b], par [2]) of title 28 of the United States Code defines an “agency or instrumentality of a foreign state” to include any entity “a majority of whose shares or other ownership interest is owned by a foreign state”. A majority interest in Air Jamaica, Ltd., is held by the Government of Jamaica, and all the capital shares of British Airways are owned by the Government of the United Kingdom of Great Britain and Northern Ireland. Defendants are thus covered by the Foreign Sovereign Immunities Act which facilitates suit against foreign States, their agents and instrumentalities in the courts of the United States and of the States in connection with their commercial activities.[2]
*9 It is defendants’ position that because plaintiff has not complied with the requirements of section 1608 (subd [b], par [2]) of title 28 of the United States Code by serving a summons and complaint within the two-year limitations period of article 29 of the Warsaw Convention, the action was not properly commenced, this court lacks personal jurisdiction, and plaintiff is now time barred from bringing suit on this claim.
Plaintiff responds, first, that service of a summons with notice is substantial compliance with the mandate of the Foreign Sovereign Immunities Act.[3] Plaintiff contends further that since the Federal Rules of Civil Procedure do not provide for service of a summons without a complaint,[4] the court may interpret the requirement of section 1608 (subd [b], par [2]) of title 28 less literally when service was made, as here, pursuant to New York procedure. The court finds these arguments to be without merit. The act, by its terms, encompasses service of process in both Federal and State courts. Compliance may not be found by service of a summons without a complaint. If the Foreign Sovereign Immunities Act determines when jurisdiction is obtained, then plaintiff did not commence this action timely.
However, there is a way out of plaintiff’s dilemma that was not considered in the motion papers submitted by the parties. Subdivision (2) of article 29 of the Warsaw Convention reads as follows: “(2) The method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted.”
This provision can only mean it is State law that determines when the article 29 two-year limitations period stops running. Inasmuch as the period of limitation runs until the action is commenced and jurisdiction obtained, the jurisdictional requirements of the forum court must be used to make the calculation.
There is appellate authority for this conclusion in two cases where defendants were domestic airlines. In Seguritan v Northwest Airlines (86 AD2d 658, 659, affd 57 NY2d *10 767), the plaintiff, who flew from New York to Manila, did not serve a summons until more than two years from the date the aircraft arrived at its destination. In holding that plaintiff’s claim was time barred, the Appellate Division, Second Department, stated: “Under subdivision (2) of article 29 [of the Convention], one must look to the law of the court to which the case is submitted to determine the manner in which the action is commenced * * * In New York an action is commenced by service of a summons (CPLR 304).”
Again, in Kahn v Trans World Airlines (82 AD2d 696, 709), where the issue was whether the article 29 two-year limitation was a condition precedent or a Statute of Limitations, the Appellate Division, Second Department, stated: “the only matter to be referred to the forum court by paragraph 2 of * * * article 29 was the determination of whether the plaintiff had taken the necessary measures within the two-year period to invoke that particular court’s jurisdiction over the action. An obvious example of the need for such a provision is the difference between the method of commencing an action in the New York State courts as opposed to the Federal courts. Thus, in New York, depending upon the forum chosen, the plaintiff in an action governed by the Warsaw Convention must either effect service upon the defendant (CPLR 304) or file a complaint in the Federal District Court (Fed Rules Civ Pro, rule 3 * * *) within the time limited by article 29, i.e., two years.”
Although the Foreign Sovereign Immunities Act appears to conflict with the Warsaw Convention, it is incumbent on this court to reconcile the Federal legislation with the treaty if it is possible to do so. In Whitney v Robertson (124 US 190, 194), the United States Supreme Court instructs us as follows: “By the Constitution a treaty is placed on the same footing, and made of like obligation, with an act of legislation. Both are declared by that instrument to be the supreme law of the land, and no superior efficacy is given to either over the other. When the two relate to the same subject, the courts will always endeavor to construe them so as to give effect to both, if that can be done without violating the language of either”.
*11 Section 1608 (subd [b], par [2]) of the Federal statute can be reconciled with subdivision (2) of article 29 of the treaty if the act is read to provide only for the method of service of process without interpreting it to mandate that a complaint must be served before jurisdiction is obtained in a State court. In other words, service of the complaint at a date after the expiration of the two-year limitations period will satisfy the requirement of section 1608 (subd [b], par [2]) and failure to serve the complaint with the summons will not render service jurisdictionally defective. Any other construction of the Federal statute will put it in conflict with the Warsaw Convention, an unnecessary and undesirable result.
An interpretation of the Federal statute which does not attach jurisdictional significance to service of the complaint will not violate the language of the act. Nowhere does the Foreign Sovereign Immunities Act provide when jurisdiction attaches. Such a construction is consistent with the purposes of the act, one of which is to render foreign States, together with their agencies and instrumentalities, more readily amenable to suit based on private commercial acts.[5]
A review of the legislative history of the Foreign Sovereign Immunities Act discloses no consideration by Congress of the act’s impact on, or possible conflict with, the limitations provision of the treaty.[6] The Warsaw Convention was adhered to by the United States in 1934. It is a major multilateral agreement that plays a significant role in international commerce.[7] A court should be reluctant to construe a statute so as to nullify a portion of the treaty absent a showing of clear intent by Congress to accomplish that end.
The interpretation found here is also consistent with fundamental fairness. As the Court of Appeals has said, “If there is * * * a provable claim, only unfairness to defendant *12 or inescapable statutory mandate should foreclose assertion of that claim.” (Caffaro v Trayna, 35 NY2d 245, 251.) Defendants do not dispute that plaintiff has a meritorious cause of action. Nor do they assert they were prejudiced by late service of the complaint. Service of the summons with notice adequately apprised defendants of plaintiff’s claim. Indeed, in New York, personal jurisdiction could be obtained by service of a summons alone until the 1978 amendment to CPLR 305.[8]
Since service of the summons with notice meets the requirements for commencement of an action under CPLR 304 and 305 (subd [b]), plaintiff’s action was commenced within the two-year limitations period of the Warsaw Convention as calculated under New York State law. Plaintiff’s failure to serve a complaint until more than two years had elapsed from the date the goods arrived and transportation stopped on April 7, 1981 does not render service jurisdictionally defective.
Accordingly, defendants’ motion to dismiss the complaint is denied.

. CPLR 304 states, in pertinent part: “An action is commenced and jurisdiction acquired by service of a summons.”
CPLR 305 (subd [b]) states, in pertinent part: “If the complaint is not served with the summons, the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought”.

. See section 1602 of title 28 of the United States Code, Findings and declaration of purpose.

. The notice contained in the summons provided: “The nature of this action is negligence; breach of contract, willful conduct and conversion.”

. See Fed Rules of Civ Pro, rules 3, 4, subd (d).

. HR Rep No. 94-1487, 94th Cong (1976), reprinted in US Code Cong & Admin News, 1976, vol 5, pp 6604, 6606.

. See HR Rep No. 94-1487, 94th Cong (1976), reprinted in US Code Cong & Admin News, 1976, vol 5, pp 6604-6635.

. See Rosman v Trans World Airlines, 34 NY2d 385, 390; Kahn v Trans World Airlines, 82 AD2d 696; see, also, Lowenfeld and Mendelsohn, The United States and the Warsaw Convention, 80 Harv L Rev 497.

. L 1978, ch 528, § 1, eff Jan. 1, 1979.