**Harry Toussaint ALEXANDER, Appellant,**

**v.**

**PAN AMERICAN WORLD AIRWAYS, INC.**

**No. 84–5320.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 15, 1985.
Decided March 26, 1985.

Harry Toussaint Alexander, Washington, D.C., was on the brief, for appellant.

Charles R. McBrier, Jr., Washington, D.C., for appellee.

Before MIKVA and EDWARDS, Circuit Judges, and MACKINNON, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM.

Appellant Harry T. Alexander appeals the district court's summary judgment dismissing his claim of negligence and gross negligence against appellee Pan American World Airways, Inc. Appellant alleges Pan American employees negligently lost his bag on his flight from Jamaica to Miami, Florida and New Orleans, Louisiana. The district court dismissed appellant's claim as barred by the two year statute of limitations as set forth in the Warsaw Convention.[1] On appeal, appellant argues that Jamaica is not a High Contracting Party to the Warsaw Convention and thus his flight should not be considered "international" for the purposes of the Convention and the two year statute of limitations should not apply.

In disposing of motions for summary judgment, the district court is guided by the general rule that the moving party must bear the burden of showing *both* the absence of any genuine issue of material fact concerning a dispositive issue in the case and that the moving party is entitled to judgment as a matter of law. *Underwater Storage, Inc. v. United States Rubber Co.*, 371 F.2d 950 (D.C.Cir.1966). In this case, appellee did not show it was entitled to judgment as a matter of law and therefore the awarding of summary judgment against the plaintiff was improper.

■ It is not clear from the record that Jamaica is a High Contracting Party to the Warsaw Convention, and appellee did not show in the district court that Jamaica is such. There exists, therefore, a genuine dispute as to a dispositive issue in this case. Therefore Pan American did not carry the burden required by the principles governing motions for summary judgment. We reverse and remand, with instructions to consider issues set forth below. While the basis for this reversal is Pan American's failure to carry the burden of proving that Jamaica was a High Contracting Party to the Warsaw Convention, there are some threshold issues the district court must address before it reaches that question.

First, because the jurisdictional basis of this action in federal court is diversity of citizenship, the amount alleged by the plaintiff must be at least $10,000. 28 U.S.C. § 1332(a) (1976). At oral argument, however, the appellee indicated that claims for the lost luggage suggested that its value was only $6,000. According to the appellee, limited opportunity to carry on discovery prevented even determining whether the threshold of jurisdictional amount for diversity cases had been crossed. On remand, the district court should determine whether plaintiff's claim satisfies the statutory requirement as to jurisdictional amount.

■ Second, the court should determine whether appellant Alexander was travelling on a round trip ticket. If Alexander flew on a round trip ticket from the United States to Jamaica and back, as seems likely, the flight was international under the terms of the Warsaw Convention, *Warsaw Convention* Art. 1(2), and the two year statute would apply. This is true because the United States is a High Contracting Party to the Convention, and round trips originating in and going outside High Contracting Parties are international under the Convention, regardless of whether the intermediate destination is a High Contracting Party.

Third, the court should consider whether there was a time limitation in any baggage tariff or any other limitation of liability upon which the defendant relied which is applicable to appellant's flight and which by itself would bar the bringing of this

---

**1.** The Warsaw Convention is a multilateral treaty "for the unification of certain rules relating to international transportation by air," concluded in Warsaw, Poland in 1929. The Convention includes limitations of liability for international air travel. The United States is a party to this treaty, 49 U.S.C. § 1502 (1958), subject to a reservation. 49 Stat. 3000. The statute of limitations is contained in *Warsaw Convention* Art. 29.

suit, so that questions raised by the Warsaw Convention need not be reached.

If appellant's cause survives these inquiries, then the district court must consider whether Jamaica is a High Contracting Party to the Warsaw Convention and thus whether the flight was international and the Convention's two year statute of limitations applies. It is far from clear that Jamaica became a High Contracting Party to the Warsaw Convention merely by virtue of the devolution agreement with Great Britain which occurred when Jamaica was granted its independence from the United Kingdom. First, the effect under international law of these devolution agreements on third parties, such as the other signatories to multilateral treaties must be determined. Second, we think Jamaica's behavior with regard to other treaty obligations negotiated by Britain suggests that Jamaica does not view the devolution agreement as dispositive of its multilateral treaty obligations. Jamaica has taken *formal* steps to succeed to 23 of the 26 multilateral treaties deposited at the United Nations which Great Britain negotiated on its behalf when Jamaica was part of the United Kingdom. *See* Kunugi, *State Succession and Multilateral Treaty Relations in the Framework of International Organizations* 106 (1970). But it has not taken similar action with regard to the Warsaw Convention. Furthermore, the Warsaw Convention does not appear in the current *Laws of Jamaica.* The Convention thus appears never to have been certified, as it must be to be officially adopted by Jamaica as its domestic law. Yet the Minister has certified the Guadalajara Convention. *See Jamaica Gazette, Proclamations, Rules, Regulations* 830 (1964). We imply no opinion as to the significance of these inconsistent actions, but we do believe they may warrant findings of fact and careful consideration by the district court.

The case is thus remanded for the foregoing purposes.

*Judgment accordingly.*