Allan CAMPBELL, Appellant,

v.

AIR JAMAICA, LTD., Appellee.

No. 39, Docket 87–7821.

United States Court of Appeals,
Second Circuit.

Argued and Submitted Nov. 1, 1988.

Decided Dec. 2, 1988.

Allan Campbell, pro se.

Mendes & Mount, New York City (Edward J. McMurrer, Jay B. Eggspuehler, Garrett J. Fitzpatrick, of counsel), for appellee.

Before LUMBARD, OAKES and NEWMAN, Circuit Judges.

PER CURIAM:

Allan Campbell, pro se, appeals a judgment of the United States District Court for the Eastern District of New York, Henry Bramwell, Judge, dismissing his complaint for lack of subject matter jurisdiction. The claim involves transportation that Air Jamaica provided Campbell from Kingston, Jamaica, to New York City in July 1985. Campbell alleges that he suffered damages from a flight cancellation, delays, and lost baggage.

Air Jamaica moved to dismiss for lack of subject matter jurisdiction, arguing that the Warsaw Convention precluded litigation of this claim in the United States. *See* Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876, *concluded* Oct. 12, 1929; *adhered to by* United States June 27, 1934, *reprinted in* 49 U.S.C. app. § 1502 note (1982) [hereinafter "Warsaw Convention"]. The rights and liabilities of parties to an international transportation contract are governed by the Warsaw Convention. *See id.* Article 1. Article 28(1) provides:

> An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination.

Thus, Article 28(1) provides a choice of four locations. Compliance with Article 28(1) gives a nation treaty jurisdiction over the claim, so that the nation is an appropriate site for litigation, although domestic jurisdiction and venue questions still may require further analysis. *Benjamins v. British European Airways*, 572 F.2d 913, 915 (2d Cir.1978), *cert. denied*, 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979); *Smith v. Canadian Pac. Airways, Ltd.*, 452 F.2d 798, 801–02 (2d Cir.1971).

In the instant case, Judge Bramwell concluded that none of the four places listed in Article 28(1) is in the United States. We accept Judge Bramwell's findings, based on an uncontradicted affidavit, that the domicile and principal place of business of Air Jamaica are in Jamaica. We also agree that because Campbell bought a round trip ticket, his "place of destination" was Jamaica. *See Petrire v. Spantax, S.A.*, 756 F.2d 263, 265 (2d Cir.) ("the 'destination' of a round-trip journey is the same as the starting point"), *cert. denied*, 474 U.S. 846, 106 S.Ct. 136, 88 L.Ed.2d 112 (1985).

We reverse because we reject the district court's finding that the carrier did not have "a place of business through which the contract has been made" in the United States. Warsaw Convention Article 28(1). Judge Bramwell stated without elaboration that "from plaintiff's ticket it [was] clear that the place through which the ticket was purchased was in Jamaica." We find, however, that a closer factual inquiry is required here. Campbell submitted to the district court an affidavit alleging that the ticket was purchased in New York City "on [his] behalf," and his arguments on appeal demonstrate that he should be allowed to conduct discovery on this point.

The ticket purchase was apparently a somewhat complex transaction. Campbell claims that the transaction began when one Owen Webb, acting for Campbell, used cash to buy the Air Jamaica travel reservation from a travel agency in the Bronx. The travel agency, Campbell continues, gave Webb a "Prepaid Ticket Advice Purchaser's Receipt," which Webb evidently sent to Campbell. Air Jamaica, via its Telex computer system, then ordered its Philadelphia office (its United States headquarters) to issue an actual ticket to Campbell. The airline office in Jamaica notified Campbell, who was also in Jamaica, when his ticket was ready to be picked up, and he exchanged the Ticket Advice Purchaser's Receipt for his flight coupon in Jamaica. On that coupon, the box entitled "Date and Place of Issue" indicates Jamaica, but the box entitled "Date and Place of Original Issue" says "20 Jun 85 PHL JM," suggesting that Philadelphia might be the place of issue. We remand for the district court to determine whether Air Jamaica had a "place of business through which the contract [was] made" in the United States, thereby giving the United States "international or treaty" jurisdiction. *See Smith*, 452 F.2d at 800, 803.

We do not need at this stage to determine whether there is subject matter jurisdiction in the domestic sense (though *Benjamins* appears to indicate that there is, *see* 572 F.2d at 919), or whether domestic venue is properly laid in Pennsylvania or in New York (though it appears that Campbell's scheduled flights were to and from John F. Kennedy Airport, in the Eastern District of New York, which would make venue proper under 28 U.S.C. § 1391(c)).

In passing, we reject Campbell's argument that the Guatemala City Protocol of 1971 governs this action. That protocol has not been ratified by the Senate. *Air France v. Saks*, 470 U.S. 392, 403, 105 S.Ct. 1338, 1344, 84 L.Ed.2d 289 (1985).

REVERSED AND REMANDED.