**In re AIR DISASTER NEAR COVE NECK, NEW YORK, ON JANUARY 25, 1990.**

**Aida GUTIERREZ, Individually and as Parent and Natural Guardian of Jessica Gutierrez, a Minor, Plaintiff,**

v.

**AVIANCA (AEROVIAS NACIONALES de COLOMBIA, S.A.), Defendant.**

MDL No. 843 (TCP).

No. 90 CV 2889 (TCP).

United States District Court,
E.D. New York.

Sept. 20, 1991.

See also 774 F.Supp. 718 and 774 F.Supp. 725.

George N. Tompkins, Condon & Forsyth, New York City, for defendant.

Marc S. Moller, Kreindler & Kreindler, New York City, for plaintiff.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

Plaintiff brought this action against Aerovias Nacionales de Colombia, S.A. ("Avianca, S.A.") to recover for personal injuries sustained by herself and her daughter when the Avianca, S.A. plane on which they were travelling crashed en route from Colombia to New York in early 1990. Avianca, S.A. now moves this Court for an Order dismissing plaintiff's action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, Avianca, S.A.'s motion is hereby denied.

### I. *Article 28 of The Warsaw Convention*

No one contests that the Warsaw Convention[1] governs the rights of the parties to this action. The issue presently before

---

**1.** Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, art. 1(1), 49 Stat. 3000, 3014, T.S. No. 876 (1934), *reprinted,* 49 U.S.C.App. § 1502 note [hereinafter the "Warsaw Convention"].

the Court concerns whether this Court possesses treaty jurisdiction pursuant to the terms of that Convention.

■ Article 28(1) of the Convention provides that a suit for damages subject to its provisions must be brought in one of four locations:

> An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court [1] of the domicile of the carrier or [2] of his principal place of business, or [3] where he has a place of business through which the contract has been made, or before the court [4] at the place of destination.

49 Stat. 3020. This provision is jurisdictional in nature and the points of jurisdiction it specifies are national in scope. *Smith v. Canadian Pacific Airways, Ltd.*, 452 F.2d 798, 801 (2d Cir.1971). If, in any given action, the United States is not one of the fora specified by Article 28, the federal courts lack treaty jurisdiction under the Convention and therefore federal subject matter jurisdiction over the controversy. *Gayda v. LOT Polish Airlines*, 702 F.2d 424, 425 (2d Cir.1983); *Smith*, 452 F.2d at 802. Plaintiff here argues that jurisdiction is proper in this country because her tickets, although issued in Colombia, were actually purchased in New York. Second, she contends that Avianca S.A., a Colombian corporation, is domiciled in this country.

## II. *The Place Where the Contract Was Made*

### a. Facts

Plaintiff and her daughter flew to New York aboard Avianca's Flight 052 on round-trip tickets purchased in New York City by one Salvatore Raffa. Mr. Raffa bought the tickets through the San Francisco Travel Agency on Fifth Avenue in New York City on January 18, 1990. After receiving payment from Mr. Raffa from the travel agent, Avianca, Inc., Avianca, S.A.'s American sales agent, issued a Prepaid Ticket Advice (PTA) and a Miscellaneous Charges Order (MCO) to Avianca, S.A. in Colombia. Avianca, S.A.'s tarriff defines a PTA as "the notification by teletype, commercial wire or mail that a person in one city has requested the issuance of prepaid transportation to a person in another city." It defines a MCO as "a document issued by a carrier or its agents requesting issue of an appropriate passenger ticket and baggage check or provision of services to the person named in such document." [2] Avianca, S.A. thereafter made two tickets available to plaintiff and her daughter at the airport in Bogota.

### b. Discussion

■ Article 28(1) provides for jurisdiction in the country where the carrier maintains "a place of business through which the contract has been made." 49 Stat. 3020. Where, as is the case here, the language of the Warsaw Convention is clear, courts are bound to apply it as written, without resort to the drafting history or other interpretive aids. *Chan v. Korean Air Lines*, 490 U.S. 122, 109 S.Ct. 1676, 1683–84, 104 L.Ed.2d 113 (1989).

■ The parties do not dispute that Avianca, S.A. maintains places of business in both New York and Colombia or that both of these places of business participated in the issuance of plaintiff's and her daughter's tickets. The only question which this Court need answer here, therefore, is whether the contract providing for the carriage of plaintiff and her daughter was made through a place of business of the defendant in New York.

On these facts, it is clear that the contract of carriage was made through a place of business maintained by Avianca, S.A. in New York. Certainly, it was in New York that Avianca, S.A., through its American sales agent, undertook to provide transpor-

---

**2.** The parties do not clarify the exact distinction between these two documents. One case does, however, offer something of an explanation. A PTA, apparently, is sent from the office receiving payment to the prepaid ticket desk at the relevant city and provides the information necessary for the tickets to be issued. *Boyar v. Korean Air Lines*, 664 F.Supp. 1481, 1484 (D.D.C.1987). An MCO, on the other hand, informs the central office of the airline that a prepaid flight has been booked at a certain location. *Id.*

tation for the plaintiff and her daughter according to a specific schedule and route and accepted payment from Mr. Raffa in return for its undertaking. Whether one chooses to view Mr. Raffa as plaintiff's agent in the matter, *see Boyar v. Korean Air Lines*, 664 F.Supp. 1481, 1487 (D.D.C.1987), or to see plaintiff as a third party beneficiary of a contract between Mr. Raffa and Avianca, S.A., through Avianca Inc., it is clear that a meeting of the minds with respect to plaintiff's carriage took place in this country and that the carrier made an enforceable promise to provide transportation to plaintiff and her daughter here.

In opposition, Avianca, S.A. argues that the contract of carriage is made solely at the place where the ticket itself is issued by the carrier, which in this case is Bogota. This Court can see no reason, however, to accord such significance to the actual ticket. Although, in most cases, the meeting of the minds between the carrier and the purchaser of transportation will occur in the same place that the ticket is issued, the two locations need not always coincide. *Boyar, supra,* 664 F.Supp. at 1485. It is now settled that the ticket itself does not constitute the contract of carriage. *Block v. Compagnie Nationale Air France,* 386 F.2d 323, 336 (5th Cir.1967); *see also* Warsaw Convention, Article 3(2), 49 Stat. 3015 ("The absence, irregularity, or loss of the passenger ticket shall not affect the existence or the validity of the contract of transportation."). Rather, the ticket constitutes a memorialization of the contract of carriage, which evidences the relationship between the carrier and the purchaser. *See Block, supra,* 386 F.2d at 336.

*Campbell v. Air Jamaica Ltd.,* 863 F.2d 1, 2 (2d Cir.1988), cited by Avianca, S.A., is not to the contrary. As is the case here, in *Campbell,* it was undisputed that plaintiff's ticket from Jamaica to New York was prepaid by another person at a travel agency in New York. Air Jamaica then directed its Philadelphia office to issue a ticket to plaintiff. Thereafter, Plaintiff collected his ticket in Jamaica. The face of the ticket indicated that it had been issued in Jamaica. It also indicated, however, that the place of "original issue" was in Philadelphia. Remanding the case to the district court, the Second Circuit noted that "the ticket was purchased in New York City 'on [his] behalf,' and his arguments on appeal indicate that he should be allowed to conduct discovery on this point." *Id.* Although *Campbell* does suggest that the contract could have been made in either Philadelphia or Jamaica, where the ticket was issued, nowhere does it state that the place of issue is the place of contracting for Article 28 purposes.

For the foregoing reasons, this Court concludes that the contract of carriage in this case was made in New York. Jurisdiction is therefore proper in this Country under the terms of the Warsaw Convention. Defendant's motion therefore must be, and hereby is, denied.

SO ORDERED.