951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BUENAVISTA ESMERALDA CO. LTD., a corporation; Hikari Shokai
Co., Ltd., a corporation; Maruichi Trading Co.,
Ltd., a corporation; AIU Insurance
Company, a corporation,
Plaintiffs-Appellants,
v.
AEROVIAS NACIONALES DE COLOMBIA, S.A., a corporation doing
business as Avianca; Pan American World Airways,
Inc., Defendants-Appellees.
 No. 90-56062.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Dec. 12, 1991.
 
 Before SNEED, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs brought an action for the loss of air cargo transported by defendant Aerovias Nacionales de Colombia, S.A. ("Avianca"). The district court dismissed plaintiffs' complaint against Avianca for lack of jurisdiction and plaintiffs appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * On September 1, 1986, Avianca received in Bogota, Colombia a cargo of three boxes of cut emeralds for carriage by air to Tokyo, Japan via Los Angeles, California. Under the terms of the air waybills issued in Bogota, the consignments were to be shipped on Avianca from Bogota to Los Angeles and on Japan Air Lines Co., Ltd. ("JAL") from Los Angeles to Tokyo. Pan American World Airways, Inc. ("Pan Am"), Avianca's cargo handling agent in Los Angeles, was to receive the gemstones from Avianca once they arrived at Los Angeles International Airport ("LAX") and deliver them to JAL.
 
 
 4
 At some point after Avianca took custody of the jewels, but prior to their receipt by JAL, a portion of the emeralds disappeared. Both Avianca and Pan Am disclaimed responsibility for the loss. On June 30, 1988, plaintiffs brought an action against the two carriers under the Warsaw Convention, and for breach of contract and breach of bailment. The district court dismissed plaintiffs' complaint against Avianca on September 14, 1988 after determining that it lacked jurisdiction under Article 28(1) of the Warsaw Convention. On August 13, 1990, the court entered judgment for Avianca and this appeal followed.
 
 II
 
 5
 The United States and more than 120 other nations are signatories to the Warsaw Convention for the Unification of Certain Rules Relating to International Transportation by Air, June 27, 1934, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in 49 U.S.C. § 1502 note. The Convention, drafted in 1929, creates internationally uniform rules governing the air carriage of passengers, baggage and cargo. By virtue of its status as a treaty made under the authority of the United States, the Convention is the supreme law of the land, equal in stature and force to the domestic laws of the United States. U.S. Const. art. VI.
 
 
 6
 Under Article 18 of the Convention, carriers are presumptively liable for the loss of cargo. Article 28(1) establishes where an action against a carrier for such a loss can be commenced:
 
 
 7
 An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination.
 
 
 8
 Article 28(1) confers treaty jurisdiction over a claim. If treaty jurisdiction under the Convention does not lie in the United States, federal jurisdiction cannot be established. See Campbell v. Air Jamaica, Ltd., 863 F.2d 1, 1 (2d Cir.1988).
 
 III
 
 9
 Plaintiffs concede that Avianca's domicile and principal place of business are Colombia. Plaintiffs further concede that the place of destination of the lost cargo was Japan. Plaintiffs contend, however, that the United States is a place of business through which the contract of transportation was made. Plaintiffs argue that at the time the air waybills were issued in Bogota, Avianca had no agreement with JAL for carriage of the emeralds from Los Angeles to Tokyo. It was not until Avianca's agent, Pan Am, tendered the cargo to JAL at LAX, plaintiffs argue, that the contract of transportation for successive on-carriage from Los Angeles to Tokyo was made. Consequently, plaintiffs conclude, Los Angeles is a place of business through which part of the contract of transportation was made.
 
 IV
 
 10
 For purposes of Article 28(1) of the Convention, the "carrier's place of business through which the contract was made" has generally been interpreted to mean the place where the air waybill was issued. See Smith v. Canadian Pacific Airways, Ltd., 452 F.2d 798, 803 (2d Cir.1971); Stud v. Trans Intern. Airlines, 727 F.2d 880, 882 (9th Cir.1984) ("the Air Waybill covering [the] shipment indicates that the contract of carriage was made in Canada."). This interpretation is supported by Article 11(1) of the Convention which expressly provides that "[t]he air waybill shall be prima facie evidence of the conclusion of the contract ... and of the conditions of transportation."
 
 
 11
 In this case, the air waybills for the lost emeralds were issued in Bogota, Colombia. Those air waybills clearly state that the consignments were to be shipped on Avianca from Bogota to Los Angeles and on JAL from Los Angeles to Tokyo. Nothing about the tender of cargo from Avianca to JAL altered Avianca's contractual obligations to the plaintiffs or plaintiffs' obligations to Avianca. Consequently, Los Angeles was not a place of business through which a contract of transportation between Avianca and the plaintiffs was made.
 
 
 12
 Plaintiffs rely on Eck v. United Arab Airlines, Inc., 360 F.2d 804 (2d Cir.1966) for the proposition that Article 28(1) establishes treaty jurisdiction over their claim. Plaintiffs' reliance on Eck is misplaced. In Eck, the court simply held that jurisdiction was appropriate over a claim involving a passenger who purchased a ticket in the United States from an authorized agent of a foreign carrier. That decision does not address jurisdiction over a claim involving air waybills issued in a foreign country.
 
 V
 
 13
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3