ORDER GRANTING DEFENDANT’S MOTION FOR SUMMARY JUDGMENT
 

 MORENO, District Judge.
 

 THIS CAUSE came before the Court upon Defendant’s Motion for Summary Judgment (d.e.# 15), filed on
 
 January 15, 2000.
 

 THE COURT has considered the motion, responses and the pertinent portions of the record, and is otherwise fully advised in the premises. The Court finds that jurisdiction is proper and this action is governed by the Warsaw Convention. Because Plaintiff Willis Blake waited over 3% years after reaching his final destination before filing this cause of action, Mr. Blake’s claims are time-barred by the two-year limitation period under the treaty. Therefore, the Court grants summary judgment in favor of Defendant American Airlines.
 

 LEGAL STANDARD
 

 Summary judgment is authorized where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.
 
 Adickes v. S.H. Kress & Co.,
 
 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial.
 
 Celotex Corp. v. Catrett,
 
 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
 
 Matsushita, Elec. Indus. Co. v. Zenith Radio Corp.,
 
 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant’s position. A jury must be able reasonably to find for the nonmov
 
 *1266
 
 ant.
 
 Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
 

 FACTUAL BACKGROUND
 

 On December 27, 1995, the plaintiff Willis Blake (“Blake”) was traveling on a flight booked on American Airlines from Montego Bay, Jamaica to Hartford, Connecticut, U.S.A. Blake flew from Montego Bay to Miami, Florida, where he changed aircrafts and boarded American Airlines Flight 1480, scheduled to fly from Miami, Florida to Hartford, Connecticut. After boarding Flight 1480,' Blake was advised that the flight would be delayed. Blake decided to use the lavatory, where he smoked a cigarette. Upon returning to his seat, Blake was approached by a flight attendant who asked him where was the cigarette that he had smoked in the men’s room. Blake replied that he had flushed it down the commode. Thereafter, he was approached by the captain and the pilot who asked him to leave the plane immediately. After refusing to leave the aircraft three times, the pilot physically removed Blake from his seat. In the process, Blake hit his head on the overhead storage compartment and was injured. The police were summoned and Blake was taken to Jackson Memorial Hospital where he spent the night. The next day, Blake arrived in Hartford and went straight to an attorney’s office to discuss the incident aboard Flight 1480. After remaining in Connecticut for one month, Blake returned to Jamaica on January 26, 1996. Blake did not file this action until August 19, 1999, approximately 3)6 years after the incident.
 

 LEGAL ANALYSIS
 

 Summary judgment is authorized where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.
 
 Adickes v. S.H. Kress & Co.,
 
 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial.
 
 Celotex Corp. v. Catrett,
 
 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
 
 Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
 
 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant’s position. A jury must be able reasonably to find for the nonmovant.
 
 Anderson v. Liberty Lobby, Inc., 477
 
 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
 

 It appears well-settled that Jamaica is a contracting party to the Warsaw Convention.
 
 [1]
 

 See Advance Footwear Co., Inc. v. Air Jamaica, Ltd.,
 
 124 Misc.2d 6, 476 N.Y.S.2d 438, 439 (N.Y.Sup.Ct.1984) (stating that both the United States and Jamaica are High Contracting Parties to the Warsaw Convention);
 
 Chandler v. Jet Air Freight, Inc.,
 
 54 Ill.App.3d 1005, 12 Ill. Dec. 472, 370 N.E.2d 95, 98 (1977) (“The United States and Jamaica are both signatories of the Warsaw Convention, and, thus would be ‘High Contracting Parties.’ Treaties in Force, p. 268-269 (January 1, 1977).”);
 
 Vincent Falcones v. Lan-Chile Airlines,
 
 13 AVI 18,366 (S.D.N.Y.1976) (“Jamaica is a High Contracting Party to the Warsaw Convention.”). Not only have
 
 *1267
 
 courts held Jamaica to be a contracting party, but Jamaica has conducted itself as if it were a High Contracting Party.
 
 [2]
 
 Since gaining its independence from the United Kingdom, Jamaica has attended and participated at conferences at which the Warsaw Convention has been amended and has been a signatory to the amendments or protocols.
 
 See
 
 List of Signatories to Guadalajara (Oct. 3, 1964) and Guatemala (Mar. 8, 1971). As
 
 amendments
 
 to the Warsaw Convention, they cannot stand alone. Thus, it is difficult for this Court to conclude that Jamaica does not consider itself bound by the original treaty.
 

 Under the Warsaw Convention, the applicable limitation provision provides that “the right to damages shall be extinguished if an action is not brought within two years, reckoned from the date of arrival at the destination ... ”, Warsaw Convention, Art. 29(1). There is no dispute that Blake arrived at his final destination, Mon-tego Bay, Jamaica, on January 26, 1996. It behooves the Court that Blake would have waited over 3years before bringing forth this lawsuit, especially in light of the fact that Blake consulted an attorney immediately after the incident occurred. This Court concludes that Blake’s cause of action is time-barred.
 

 CONCLUSION
 

 For the reasons stated above, it is
 

 ADJUDGED that Defendant American Airlines’ motion for summary judgment (d.e.# 15) is GRANTED. It is further
 

 ADJUDGED that Plaintiffs renewed motion for remand (d.e.# 17) is DENIED as MOOT.
 

 [1]
 

 . The Plaintiff argues that under
 
 Alexander v. Pan American World Airways, Inc.,
 
 757 F.2d 362, 364 (D.C.Cir.1985) there exists an issue of material fact as to whether or not Jamaica is a high contracting party to the Warsaw Convention. However, since 1985, foreign legislatures have proclaimed Jamaica as a high contracting party to the Warsaw Convention. A Canadian statute, updated April 30, 1999, listed Jamaica as one of the high contracting parties whose exact date on which the Convention came into force is not ascertained.
 
 See Proclamations Certifying Who Are the High Contracting Parties to the Warsaw Convention
 
 (visited Feb. 11, 2000), Schedule II Part I <http://founder.library.ualber-ta.ca/FTP/EN/Regs/Chap/C/C-26/ CRC398.txt>.
 

 [2]
 

 . As a preliminary matter, it is worthy to note that as a colony of the United Kingdom, Jamaica became subject to the Warsaw Convention when the UK signed on its behalf and on behalf of its colonies in 1934.
 
 See
 
 49 U.S.C. § 40105, note at 49 Stat. 3000; T.S. No. 876 (1934). Upon obtaining its independence, the independent Government of Jamaica agreed that it would "assume all Treaty obligations and rights relating to it entered into on its behalf prior to independence by the British Government and the Government of The Federation of The West Indies.” Report of the Jamaica Independence Conference, 1962, at 12-13 (Feb. 1962)