[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 12 2001
THOMAS K. KAHN
CLERK

----------------------
No. 00-11688
----------------------

D. C. Docket No. 99-2508-CV-FAM

WILLIS BLAKE,

Plaintiff-Appellant,

versus

AMERICAN AIRLINES, INCORPORATED,

Defendant-Appellee,

------------------------
Appeal from the United States District Court
for the Southern District of Florida
------------------------
**(March 12, 2001)**


Before WILSON, KRAVITCH and COX, Circuit Judges.

KRAVITCH, Circuit Judge:

## I. Issue

This appeal presents the issue whether Jamaica is a High Contracting Party to the Warsaw Convention.[1] We address this issue to determine whether the district court properly granted Defendant-Appellee American Airlines, Inc.'s ("American's") motion for summary judgment on the ground that Plaintiff-Appellant Willis Blake's personal injury suit is barred by the Warsaw Convention's two-year limitation on actions for damages. For the reasons discussed below, we hold that Jamaica is a High Contracting Party to the Warsaw Convention and affirm the district court's grant of summary judgment in favor of American.

## II. Facts

On December 27, 1995, Blake, a United States citizen and resident of Jamaica, embarked on a round-trip American Airlines flight from Montego Bay, Jamaica to Hartford, Connecticut. En route, in Miami, Florida, Blake changed aircrafts and boarded American Airlines Flight 1480, scheduled to fly from Miami to Hartford. After boarding Flight 1480 and learning that the flight would be delayed, Blake went to the lavatory and smoked a cigarette. When Blake returned

---

[1]The Warsaw Convention is the common name for the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, T.S. No. 876 (Oct. 29, 1934), reprinted in note following 49 U.S.C. § 40105.

2

to his seat, a flight attendant questioned him about smoking in the lavatory, and Blake admitted doing so. The captain and the pilot then approached Blake and asked him to deplane immediately. After Blake three times refused to leave the aircraft, the pilot physically removed him from his seat. In the process, Blake hit his head on the overhead storage compartment and was injured. The police were summoned and Blake was taken to a hospital where he spent the night before proceeding to Connecticut. One month later, on January 26, 1996, Blake returned to Jamaica. Blake filed this lawsuit in Florida state court on August 19, 1999, approximately three and a half years after the incident. American removed the action to the United States District Court for the Southern District of Florida, which granted summary judgment in favor of American because Blake filed this suit after the expiration of the Warsaw Convention's two-year limitation on actions for damages.

### III. Standard of review

Construction of the Warsaw Convention is a question of law subject to <u>de novo</u> review. <u>Piamba Cortes v. American Airlines, Inc.</u>, 177 F.3d 1272, 1280 (11th Cir. 1999). We also review <u>de novo</u> a district court's grant of summary judgment, applying the same standards as the district court. <u>Harris v. H & W Contracting Co.</u>, 102 F.3d 516, 518 (11th Cir. 1996). Summary judgment is appropriate only

3

where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a grant of summary judgment, we view all the evidence in the light most favorable to the nonmoving party. Harris, 102 F.3d at 518.

IV. Discussion

The Warsaw Convention states that "[t]he right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination." Warsaw Convention art. 29(1). Because Blake did not file this suit until more than three and a half years after he arrived at his destination,[2] the suit is time-barred if the Warsaw Convention applies. The Warsaw Convention applies to "all international transportation of persons, baggage, or goods performed by aircraft for hire." Warsaw Convention art. 1(1). The Convention defines "international transportation" as

> any transportation in which, according to the contract made by the
>
> parties, the place of departure and the place of destination, whether or
>
> not there be a break in the transportation or a transshipment, are
>
> situated either within the territories of two High Contracting Parties,

---

[2]In the case of a round-trip ticket, the place of departure and the place of destination are the same, see Campbell v. Air Jamaica, Ltd., 863 F.2d 1, 2 (2d Cir. 1988), so Blake arrived at his "place of destination" when he returned to Jamaica on January 26, 1996.

or within the territory of a single High Contracting Party, if there is an agreed stopping place within [another country].

Warsaw Convention art. 1(2). Because Blake's place of departure and place of destination were both Jamaica, his trip from Jamaica to Connecticut and back would qualify as "international transportation"–and his lawsuit would be time-barred by Article 29 of the Warsaw Convention–only if Jamaica is a High Contracting Party to the Convention.

As a colony of the United Kingdom (the "UK"), Jamaica originally became subject to the Warsaw Convention when the UK signed the Convention on its own behalf and on behalf of its colonies in 1934. See The Carriage by Air (Parties to Convention) Order, 1999 (Eng.) (stating that Jamaica became High Contracting Party to Warsaw Convention on March 3, 1935); cf. Warsaw Convention art. 40(1) (stating that any High Contracting Party may declare that its acceptance of the Convention does not apply to any or all of its colonies). The issue before us is whether, by gaining its independence from the UK in 1962, Jamaica lost its status as High Contracting Party to the Warsaw Convention. For the reasons discussed below, we hold that it did not.

As a preliminary matter, we recognize that "the conduct of foreign affairs is a political, not a judicial function," see Sayne v. Shipley, 418 F.2d 679, 684 (5th Cir. 1969),[3] such that upon considering whether Jamaica has lost its High Contracting Party status, "governmental action in respect to [the Warsaw Convention] must be regarded as of controlling importance." See Terlinden v. Ames, 184 U.S. 270, 285 (1902); see also United States ex rel. Saroop v. Garcia, 109 F.3d 165, 171-72 (3d Cir. 1997). In Saroop, the issue was whether the nation of Trinidad and Tobago was subject to the terms of an extradition treaty entered into in 1931 by the United States and Great Britain. Great Britain originally signed the treaty on its own behalf and on behalf of its dependent territories, including Trinidad and Tobago, but Trinidad and Tobago had not ratified the treaty formally since gaining its independence from Great Britain in 1962. 109 F.3d at 167. The court resolved the issue by looking to the "intent and actions" of Trinidad and Tobago and the United States, holding that the nations' conduct in respect to the treaty was dispositive. See id. at 171 (citing Terlinden, 184 U.S. at 285). The court concluded that despite the fact that Trinidad and Tobago never

[3]Decisions by the former Fifth Circuit issued before October 1, 1981 are binding as precedent in the Eleventh Circuit. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981).

6

expressly confirmed the extradition treaty between itself and the United States, Trinidad and Tobago was bound by the treaty because it had indicated by its conduct a clear intent to assume the privileges and obligations of the treaties Great Britain entered into on its behalf.  Saroop at 171-72.

Similarly, because Jamaica has not formally ratified the Warsaw Convention, we begin our analysis by examining the conduct of the United States and Jamaica in respect to the Convention to determine whether such conduct evinces an intent that Jamaica be treated as a High Contracting Party.  The United States Department of State has taken no position on whether Jamaica is a High Contracting Party to the Convention.  See U.S. Dep't of State, Treaties in Force 342 (1999) (omitting Jamaica from list of "States which are parties" to Warsaw Convention, and stating that "status of certain states to which the [C]onvention was applicable prior to their becoming independent is not determined").  Jamaica's conduct in respect to the Warsaw Convention, however, indicates its clear intent to adopt the Convention's privileges and obligations.

First, upon gaining its independence from the UK, Jamaica agreed that "the newly independent State would assume all Treaty obligations and rights

7

relating to it entered into on its behalf prior to independence by the British Government . . . ." Report of the Jamaica Independence Conference 12-13 (1962). By taking this position, Jamaica created a presumption that it intended to be bound by the Warsaw Convention, which the UK entered into on Jamaica's behalf when it signed the Convention in 1934. See also Saroop, 109 F.3d at 173 ("there is a presumption that when a colonized state earns its independence from a colonial nation, prior treaties recognized by the former colonial power will devolve to the successor in interest nation"). Beginning with the presumption that Jamaica intended to remain a High Contracting Party after gaining its independence from Great Britain, we next note that Jamaica has never taken formal steps to denounce the Convention, although the Convention provides that "[a]ny one of the High Contracting Parties may denounce this convention by a notification addressed to the Government of the Republic of Poland." Warsaw Convention art. 39(1).

Although we are aware of the negative implication created by Jamaica's failure to adopt the Warsaw Convention formally despite the fact that it has taken formal steps to succeed to 23 of the 26 multilateral treaties deposited at the United Nations which Great Britain negotiated on Jamaica's behalf, see Alexander v. Pan Am. World Airways, Inc., 757 F.2d 362, 364

8

(D.C. Cir. 1985), we find more compelling the positive implications created by Jamaica's affirmative conduct in respect to the Convention. Specifically, Jamaica has taken an active role in negotiations to amend the Warsaw Convention, as evidenced by its participation in the Guatemala Protocol (now known as the Montreal Protocols) to amend the Convention, and its certification of the Guadalajara Convention, the terms of which expressly supplement the Warsaw Convention. See Alexander at 364 (citing Jamaica Gazette, Proclamations, Rules, Regulations 830 (1964)). Moreover, Air Jamaica, at a time when it was wholly-owned by Jamaica, asserted the Warsaw Convention as a defense to a lawsuit in a United States court. See Campbell, 863 F.2d at 1. These actions are consistent with an intent to adopt the obligations and privileges of the Convention and we hold, therefore, that Jamaica is a High Contracting Party to the Warsaw Convention.

## V. Conclusion

Because Jamaica specifically has expressed an intent to remain subject to treaties entered into on its behalf by the UK, has never taken formal steps to denounce the Warsaw Convention, and has indicated by its conduct an intent to adhere to the Convention, we conclude that Jamaica is a High Contracting Party to the Warsaw Convention, such that the Convention

9

governs and time-bars Blake's lawsuit. We therefore affirm the district

court's entry of summary judgment in favor of American.[4]

AFFIRMED.

---

[4]A recent opinion from our circuit, <u>Made in the USA Foundation v. United States</u>, No. 99-13138, __ F.3d __ (11th Cir., Feb. 27, 2001), holds that the issue of "what kinds of agreements require Senate ratification . . . presents a nonjusticiable political question." <u>Made in the USA</u>, however, is readily distinguishable from the facts and issues presented in this appeal: it sought to determine whether a treaty was constitutional, rather than whether a given country was a signatory to a presumptively constitutional treaty. We therefore conclude that the issue before us – whether Jamaica is a signatory to the Warsaw Convention – is not a nonjusticiable political question.